```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                              :
ALLEN DUPREE GARRETT,         :
                              :
         Plaintiff,           :   Civ. No. 20-12904 (NLH) (JS)
                              :
    v.                        :   OPINION
                              :
                              :
UNITED STATES OF AMERICA and  :
PATRICIA S. DODSZUWEIT        :
                              :
         Defendants.          :
_____:

APPEARANCE:

Allen Dupree Garrett
4366289
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Allen Dupree Garrett, an inmate presently detained in the Camden County Correctional Facility in Camden, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting a claim pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See ECF No. 1.

    Because Plaintiff has three strikes under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court ordered Plaintiff to provide a statement demonstrating he was in imminent danger of serious physical injury. ECF No. 3.

Plaintiff denies that the three-strikes prohibition applies to him.  ECF No. 4.

The PLRA amended § 1915 and established certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.[1]  The PLRA contains a "three strikes" provision that "prohibits a prisoner from proceeding IFP in a civil action or on appeal if, on three or more prior occasions, he has brought an action or appeal while incarcerated or detained that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted . . . ."  Millhouse v. Sage, 639 F. App'x 792, 793 (3d Cir. 2016) (citing 28 U.S.C. § 1915(g)).

Plaintiff has had at least three qualifying dismissals: Garrett v. Murphy, No. 20-5235 (D.N.J. May 14, 2020) (dismissed for failure to state a claim); Garrett v. United States, No. 18-14515 (D.N.J. Nov. 27, 2018) (dismissed for failure to state a claim); Garrett v. Mendez, No. 13-5343 (D.N.J. Aug. 14, 2014) (dismissed for failure to state a claim).  See also Garrett v. Murphy, No. 20-2719 (3d Cir. Aug. 27, 2020) (ECF No. 5) (requiring Plaintiff to submit motion demonstrating imminent

---

[1] "'Prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

danger of serious physical injury before he may proceed in forma pauperis). Plaintiff objects to the most recent strike, Garrett, No. 20-5235, because he has appealed the Court's order. ECF No. 4 at 1. He further argues dismissals without prejudice do not count as strikes. Id.

The Supreme Court has long held that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal. That, after all, is what the statute literally says." Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015). Accord Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager, 870 F.3d 144, 152 (3d Cir. 2017). Therefore, the May 14, 2020 dismissal counts as a strike even though Plaintiff has filed an appeal.

Plaintiff's argument that dismissals without prejudice do not count as strikes is equally meritless. The Supreme Court recently clarified that § 1915(g)'s "broad language covers all such dismissals: It applies to those issued both with and without prejudice to a plaintiff's ability to reassert his claim in a later action." Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1724 (2020). Plaintiff has at least three dismissals for failure to state a claim; Lomax confirmed that they count as strikes for purposes of § 1915(g).

As Plaintiff has at least three qualifying strikes, he may not proceed in forma pauperis unless he is in imminent danger of

serious physical injury.  28 U.S.C. § 1915(g).  The Court granted Plaintiff an opportunity to file a statement demonstrating his need, ECF No. 3, but Plaintiff declined to do so, ECF No. 4.  He only argues that he is not subject to the three strikes provision.  Id.  The complaint itself alleges that Plaintiff was denied access to the courts by the Third Circuit's decision to "send[] appeal for #19-12359 writ of error to a motion panel to be denied Appeal access of the Third Cir. Ct. of Appeals, Decision by Motion Panel – Jurisdiction Defect."  ECF No. 1 at 1.  There are no facts suggesting Plaintiff is in imminent danger of serious physical injury; therefore, the Court must deny him in forma pauperis status.  28 U.S.C. § 1915(g).

The Clerk shall be ordered to administratively terminate the case without filing the complaint.  Plaintiff must pay the $400 filing and administrative fees before the complaint may be filed.

An appropriate Order follows.

Dated: November 17, 2020               s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

4